Honorable Mary Jo Heston
Location: Tacoma
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: <br><br> LEAH ANNE OLSON, <br><br> Debtor. | No. 21-40567 |
| KATHRYN A. ELLIS, Trustee of the Estate of Leah Anne Olson, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFREY R. OLSON, a married man as his separate estate, <br><br> Defendant. | Adv. No. <br><br> COMPLAINT TO AVOID FRAUDULENT TRANSFER |

COMES NOW the Plaintiff, Kathryn A. Ellis, in her capacity as duly appointed Chapter 7 Trustee, by and through the undersigned attorney, for her complaint to avoid and recover fraudulent transfers, alleges as follows:

**Parties**

1. The debtor filed a Chapter 7 Bankruptcy Petition on March 31, 2021, and the Plaintiff, Kathryn A. Ellis, is the duly appointed Chapter 7 Trustee for the debtor.

2. Defendant Jeffrey R. Olson, resides in Lewis county and is married to the debtor, Leah Anne Olson, and all acts complained of herein were taken on behalf of the marital community.

**COMPLAINT TO AVOID FRAUDULENT TRANSFER - 1**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 2070
Seattle, WA 98108
(206) 682-5002

## Jurisdiction

4. This Court has jurisdiction over this matter under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") pursuant to 28 U.S.C. §§ 151, 157, and 1334.

5. This adversary proceeding is commenced pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure, §§ 548, 550, and 551 of the Bankruptcy Code, and/or RCW 19.40 *et seq,* the Uniform Voidable Transactions Act.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(B), (E), (H) and/or (O).

## First Cause of Action Fraudulent Transfer.

8. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 7 above, inclusive, as though fully set forth herein.

9. On or about June 29, 2018, the debtor and the defendant were married in the state of Washington.

10. On or about September 12, 2018, the debtor and the defendant acquired the real property commonly known as 118 N King St, Centralia, WA (Lewis County APN 002083000000) (hereinafter referred to as "Real Property").

11. On or about September 12, 2018, the debtor's interest in the Real Property was transferred to Mr. Olson by Quit Claim Deed recorded concurrently (Lewis County Auditor's Recording No. 3490603), to the purpose of "To Release Community Interest".

12. On or about November 14, 2019, the debtor executed a second Quit Claim Deed, again transferring her interest in the Real Property to Defendant and was recorded on November

COMPLAINT TO AVOID FRAUDULENT TRANSFER - 2

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 2070
Seattle, WA 98108
(206) 682-5002

14, 2019 (Lewis County Auditor's Recording No. 3513267).  The purpose of the transfer was stated to be "to release community interest".

### IV.  FIRST CAUSE OF ACTION

Fraudulent Transfer - 11 U.S.C. § 548 and/or RCW 19.40

13.  Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 12 above, inclusive, as though fully set forth herein.

14.  The debtor received nothing in exchange for the transfer, nor did the marital community.

15.  At the time of said Transfer, the debtor was insolvent or became insolvent as a result of the Transfer.

16.  The Transfer was for the benefit of Defendant and the debtor and the marital community did not receive  reasonably equivalent value in exchange for the Transfer.

17.  At the time of said Transfer, the debtor was engaged, or was about to be engaged, in business or transaction(s) for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction(s).

18.  At the time of said Transfer, the debtor believed, or reasonably should have believed, that she would incur debts beyond her ability to pay as they became due.

19.  At all times since the Transfer, the debtor has retained possession and control of the Real Property.

20.  Defendant is an insider of the debtor pursuant to RCW 19.40.011 (8), as the spouse of the debtor.

21.  The Transfer set forth above is avoidable pursuant to 11 USC 548 and RCW

**COMPLAINT TO AVOID FRAUDULENT TRANSFER - 3**

19.40 *et seq.* as the debtor received less than reasonably equivalent value in exchange for the Transfer, became insolvent or were insolvent at the time of the Transfer, leaving the debtor with an unreasonably low capital account or leaving the debtor unable to pay her debts as they matured.

22. Notwithstanding the transfer of the Real Property referred to above, the debtor claimed an exemption in the Real Property in the amount of $310,218.91 pursuant to RCW §§ 6.13.010, 6.13.020, and 6.13.030. The Trustee filed a timely objection to such exemption and the debtor then withdrew the claim of exemption.

23. At the time of said Transfers above referenced, the debtor was insolvent or became insolvent as a result of the Transfers.

24. The Transfers were for the benefit of Defendant and the debtor did not receive reasonably equivalent value in exchange for the Transfers.

25. The Transfers set forth above are avoidable pursuant to 11 U.S.C. § 548 or RCW 19.40, the Uniform Voidable Transactions Act,, as the marital community received less than reasonably equivalent value in exchange for the Transfers, became insolvent or was insolvent at the time of the Transfers, leaving the debtor with an unreasonably low capital account or leaving the debtor unable to pay her debts as they matured.

26. The Transfers made to or for the benefit of Defendant as set forth in paragraph 20 are avoidable by the Trustee pursuant to 11 U.S.C. § 548 (a)(1) and/or RCW 19.40.041.

WHEREFORE, Plaintiff prays for judgment on this Complaint, as it may be amended from time to time, as follows:

A. For avoidance of the Transfer referred to above;

**COMPLAINT TO AVOID FRAUDULENT TRANSFER - 4**

B.   For preservation of the avoided transfer pursuant to 11 USC §§ 550 and 551;

C.   For such other and further relief as the Court deems just and proper.

DATED this 19th day of April, 2023.

>By: /s/ Kathryn A. Ellis
> Kathryn A. Ellis, WSBA #14333
> Attorney for Plaintiff

P:\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\TRUSTEE\Olson\fraud_trans_cmp.wpd

**COMPLAINT TO AVOID FRAUDULENT TRANSFER - 5**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 2070
Seattle, WA 98108
(206) 682-5002